STILLMAN LEGAL PC
LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MIGUEL ANGEL GARCIA *individually and on*
*behalf of others similarly situated,*

               *Plaintiff,*

      -against-
ROADWAY MOVING INC. (dba. "ROADWAY
MOVING"), ROSS SAPIR.

             *Defendants.*
-----------------------------------------------------------------X

               **COMPLAINT**

               **COLLECTIVE ACTION**
               **UNDER 29 U.S.C. § 216(b)**
               **and CLASS ACTION**
               **UNDER FRCP 23**

               **ECF Case**

               **JURY TRIAL**
               **DEMANDED**

       Plaintiff MIGUEL ANGEL GARCIA, individually and on behalf of others similarly

situated ("Plaintiffs"), by his attorneys, Stillman Legal, PC,  bring this Class and Collective

Action Complaint on behalf of themselves and their similarly situated co-workers against

Defendants ROADWAY MOVING INC. (dba "ROADWAY MOVING"), ROSS SAPIR

(collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently

amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1.      This Class and Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, unlawful deductions and breach-of-contract and quantum meruit damages for Plaintiff and similarly situated co-workers who have been employed by ROADWAY MOVING INC. (dba "ROADWAY MOVING"), ROSS SAPIR ("Defendants") as movers for some or all of the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2.      Plaintiff was an employee of Defendants.  Plaintiff's duties as Defendants' employees include, but are not limited to, making deliveries within various Northeastern United States locations, stocking deliveries, taking out the garbage, and cleaning.

3.      Defendants have jointly employed Plaintiff at all relevant times.

4.      ROSS SAPIR ("Individual Defendant") jointly employ Plaintiff for the purposes of the instant claims.

5.      ROADWAY MOVING INC. (dba "ROADWAY MOVING") is a moving company with its principal place of business located at 11-35 Bronx River Avenue, Bronx, New York 10472. Its headquarters are located at 845 3rd Avenue, 6th floor, New York, NY 10022.

6.      Defendants ROSS SAPIR have jointly owned, operated and controlled Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

7.      At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked.

8.      At all relevant times, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.      At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

10.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

11.     Plaintiff now bring this Class and Collective Action on behalf of himself, and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").  In addition, Plaintiff brings this action on behalf of themselves and other similarly situated individuals.

12.     In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

13.     Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself, individually, and all other similarly situated employees and former

3

employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

14.　This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 USC § 1367.

15.　This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.　This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

17.　Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendant's reside in this District, and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

18.　Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants on or after July 20, 2014, who elect to opt-in to this action (the "FLSA Collective").

19.　All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

20.　As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to

Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

    b. Willfully unlawfully deducting earned wages;

    c. Willfully failing to keep records that satisfy statutory requirements.

21.    At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

22.    Plaintiff's claim stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

23.    Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

24.    Defendants' unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from July 20, 2014 and the date of final judgment in this matter ("the Class").

26.     Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

27.     On information and belief, the size of the Class is roughly five hundred individuals.  Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

28.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.  Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

   b.  Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

   c.  Whether Defendants misclassified Plaintiff and members of the Class as exempt;

   d.  Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

   e.  Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f.  The nature and extent of class-wide injury and the measure of damages for those injuries.

29.  Plaintiff's claims are typical of the Class's claims that they seek to represent. Defendants employed Plaintiff and the Class is in New York State.  Plaintiff and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping.  Plaintiff and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL.  Plaintiff and the Class have all been injured by virtue of Defendants' under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

30.  Plaintiff will fairly and adequately represent and protect the interests of the Class's members.  Plaintiff understands that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Class's interests.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class.  Plaintiff understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Class.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures.  Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

32.     This action is properly maintainable as a class action under FRCP 23(b)(3).

## **PARTIES**

### *Plaintiff*

33.     Plaintiff Miguel Angel Garcia ("Plaintiff Garcia") is an adult individual residing in Hudson County, New Jersey. Plaintiff Garcia has been employed by Defendants from 2015. At all relevant times to this complaint, Plaintiff Garcia has been primarily employed by Defendants as a delivery man but was also required to perform duties such as taking out the garbage, cleaning, and stocking deliveries.

34.     Plaintiff consents to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

35.     Individual Defendants have owned, operated and controlled Roadway Moving Inc. (dba "Roadway Moving") at all times relevant to this complaint.

36.     On information and belief, Roadway Moving Inc. (dba "Roadway Moving") is a corporation organized and existing under the laws of the State of New York with a principal place of business at 11-35 Bronx River Avenue, Bronx, New York 10472. Its headquarters are located at 845 3rd Avenue, 6th floor, New York, NY 10022. Corporate Defendant's business is the provision of moving services and they operate in the five boroughs of New York City and surrounding states.

37.     Upon information and belief, Roadway Moving Inc. (dba "Roadway Moving") individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

38.     On information and belief, the operations of Roadway Moving Inc. (dba "Roadway Moving") individually and collectively implicate interstate commerce insofar as these Defendants provide services that extend beyond the borders of New York State, for example, New Jersey, Connecticut, Maryland, Pennsylvania, and more.  In addition, the materials that these Defendants employ in the provision of their services move in interstate commerce, be those materials vehicles, boxes, adhesives, blankets, labels, dollies, gloves and more.  Finally, the Defendants' services implicate interstate commerce insofar as their business relies heavily on the use of the system of interstate routes maintained by the United States of America and various Individual States.

39.     Defendant Ross Sapir is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually.  Defendant has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.  In particular, Ross Sapir has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

40.     Defendants operate a moving and storage company with customers around the United States with headquarters at 845 3rd Avenue 6th Floor, New York, NY 10022. Its principal place of business is located at 11-35 Bronx River Avenue, Bronx, New York 10472.
At all relevant times, Individual Defendant Ross Sapir possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

41.     Corporate Defendant and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42.     At relevant times, each Corporate Defendant possessed substantial control over Plaintiff and other similarly situated employees' working conditions, and over the policies and

practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

43. Corporate Defendant's jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

44. At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

45. Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

46. Individual Defendants supervised Plaintiff's work schedules and conditions of employment insofar as they set up the moving jobs and determined when Plaintiff would go to which jobs based on geography and what clients, in Individual Defendants' estimation, would prefer to have movers with a particular level of English language skills.

47. Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

48. Individual Defendants also controlled and guided what limited recordkeeping that took place at Roadway Moving Inc. (dba "Roadway Moving"), which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff*

49.     Plaintiff is a former employee of Defendants, primarily employed in performing the duties of packing, transporting and coordinating at Defendants warehouse.

50.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants.  Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure, but rather were controlled by Defendants.

51.     Plaintiff worked a fixed schedule for Defendants because, according to the season (some seasons being busier for the moving-services industry), Plaintiff knew the average number of hours they would be working in a given period.

52.     Plaintiff is non-exempt under FLSA and the NYLL.  Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor. Plaintiff did not receive salary and their primary duties—the packing and moving of boxes, stocking boxes, and cleaning, did not require advance knowledge in a field of science or learning.

53.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

*Plaintiff Miguel Angel Garcia*

54.     Plaintiff Garcia has been employed by Defendants from approximately 2015.

55.      At all relevant times, Plaintiff Garcia was employed by Defendants to work as a mover.

56.     Plaintiff Garcia regularly handled goods in interstate commerce, such as cardboard boxes, adhesives, labels, gloves, garbage bags, and more that were necessary to perform his work and that were produced outside of the State of New York.

57.      Plaintiff Garcia's work duties require neither discretion nor independent judgment.

58.     Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

59.     From approximately March 2015 until 2020 Plaintiff Garcia worked a different schedule every week, but the average number of hours rises and falls with Defendants' busy seasons.

60.     Plaintiff Garcia worked approximately 80-100 hours per week during the spring, summer and fall months.

61.     Plaintiff Garcia worked approximately 40 hours per week during the winter months.

62.     From 2015 until 2017, Plaintiff Garcia was paid $16 dollars an hour.

63.     From 2017 until 2018, Plaintiff Garcia was paid $17 dollars an hour.

64.     From 2018 until 2020, Plaintiff Garcia was paid $18 dollars and hour.

65.     Defendants regularly fail to pay Plaintiff Garcia for wages earned from the overtime he worked.

66.     Defendants did not provide Plaintiff Garcia with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

67.     Defendants never provided Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Vasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

68.     Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

69.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as require by federal and state laws.

70.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

71.     By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

72.     Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff's (and similarly situated individuals) worked, and to

avoid paying Plaintiff's properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

74. Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

75. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

76. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

77.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82.     Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.     Defendants took unlawful deductions from Plaintiff's earned wages and the FLSA Collective's earned wages.

84.     Defendants, in violated of the FLSA, failed to pay Plaintiff's agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

85.     Defendants failed to satisfy the FLSA's recordkeeping requirements.

86.     Defendants acted willfully in their violations of the FLSA's requirements.

87.      Plaintiff (and the FLSA Collective) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL)**

88.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

90.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

91.     Defendants failed to pay Plaintiff (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

92.     Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

94.     Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

95.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to pay Plaintiff (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

97.     Defendants' failure to pay Plaintiff (and the Class) an additional hour's pay for each day Plaintiff's (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

98.     Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

99.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as require by NYLL §195(1).

101.     Defendants are liable Plaintiff in the amount of $2,500, together with costs and attorney's fees.

102.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

103.     Defendants did not provide Plaintiff with wage statements upon each payment of wages, as require by NYLL 195(3).

104.     Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

105.     Defendants acted willfully in their violation of the above-described NYLL requirements.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**

106.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107.     Although Plaintiff was an employee and not a contractor, assuming, <u>arguendo</u>, Plaintiff would still be entitled to damages based upon the above-described facts under the latter scenario as Plaintiff performed their moving services, Defendants failed to perform their contractual obligations, <u>i.e.</u>, full payment for the moving services, and Plaintiff suffered damages as a result, <u>i.e.</u>, failure to receive the full consideration for which they had contracted.

108.    These allegations are as true for Class members as they are for Plaintiff.

109.    Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Quantum Meruit)

110.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

111.    Plaintiff performed the moving services described in the above-described pleading in good faith with the expectation of Plaintiff's agreed-upon wage, which is a reasonable value of those services.

112.    Defendants accepted Plaintiff's moving services as they were rendered to Defendants' clients on Defendants' behalf.

113.    Plaintiff never obtained the agreed-upon wage insofar as deductions to which Plaintiff did not agree were taken from the earned wages.

114.    These allegations are as true for Class members as they are for Plaintiff.

115.    Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, its nature, and their right to join, and permitting them promptly to file

consents to be Plaintiff in the FLSA claims in this action;

(b)     Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c)     Designating Plaintiff as Class Representative, reasonable service awards for

Plaintiff, and his counsel of record as Class Counsel;

(d)     Declaring that Defendants have violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(e)     Declaring that Defendants have violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class

members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)     Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiff and the FLSA class members;

(g)     Awarding Plaintiff and the FLSA class members damages for the amount of

unpaid overtime wages, and damages for any improper deductions or credits taken against wages

under the FLSA as applicable;

(h)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any

improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29

U.S.C. § 216(b);

(i)     Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the

New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(m)     Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
         July 18, 2020

                                   STILLMAN LEGAL PC

                                   /s/

By:    Lina Stillman