UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIGUEL ANGEL GARCÍA, *individually and on behalf of other similarly situated,*

                                  *Plaintiff,*

          -against-

ROADWAY MOVING INC. (d/b/a "ROADWAY MOVING"), ROSS SAPIR,

                                  *Defendants.*
-----------------------------------------------------------------X

Case No. 1:20-cv-05570

**STIPULATION OF DISMISSAL**

**WHEREAS**, on or about October 21, 2016, Plaintiff entered into a binding agreement to arbitrate, on an individual basis only, and not on a class or collective basis on behalf of others, any and all claims against Defendants arising out of or relating to his alleged employment with Roadway Moving Inc. (the "Arbitration and Class Action Waiver Agreement");

**WHEREAS**, on or about July 20, 2020, in contravention of the Arbitration and Class Action Waiver Agreement, Plaintiff filed the class and collective action complaint in this action (the "Complaint") asserting claims arising out of his alleged employment with Defendants; and

**WHEREAS**, the Complaint asserts four (4) such claims on behalf of Plaintiff on an individual basis (the "Individual Claims") and the same four (4) claims on behalf of similarly situated individuals on a class action and collective action basis (the "Class and Collective Claims").

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties that:

1.     This action is dismissed in full pursuant to Fed R. Civ. P. 41(a);

2.     In the event Plaintiff wishes to continue to pursue the Individual Claims, Plaintiff

must arbitrate those claims on an individual basis, and not on a class or collective basis on behalf of others, pursuant to the Arbitration and Class Action Waiver Agreement;

3. The Class and Collective Claims are dismissed with prejudice because Plaintiff waived the right to bring claims against Defendants on a class or collective action basis pursuant to the Arbitration and Class Action Waiver Agreement;

4. No consideration was paid to Plaintiff to sign this Stipulation of Dismissal; and

5. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, and may be executed and delivered by facsimile or other electronic means.

Dated: New York, New York
August 18, 2020

STILLMAN LEGAL PC

By: _____
Lina Stillman, Esq.
*Attorneys for Plaintiff*
42 Broadway, 12th Floor
New York, New York 10004
Tel.: 212.203.2417

OVED & OVED LLP

By: _____
Andrew J. Urgenson, Esq.
*Attorneys for Defendants*
401 Greenwich Street
New York, NY 10013
Tel.: 212.226.2376

Given the nature of the parties' agreement, the Court agrees that judicial approval is not required for dismissal. (To the extent approval is required, the Court grants it on the ground that Plaintiff is not settling or compromising any claims under the FLSA, but merely agreeing that they must be pursued in a different forum.)

SO ORDERED.

August 21, 2020